# 23-0076-cv

## United States Court of Appeals

*for the*

## Second Circuit

TERRENCE REYNOLDS,

*Plaintiff-Appellant,*

– v. –

CITY OF NEW YORK,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

GEOFFREY T. MOTT
LAW OFFICES OF GEOFFREY T. MOTT, P.C.
*Attorneys for Plaintiff-Appellant*
7600 Jericho Turnpike, Suite 105
Woodbury, New York 11797
(516) 544-4600

## **<u>TABLE OF CONTENTS</u>**

**Page**

**TABLE OF AUTHORITIES** ................................................................. **ii**

**SUMMARY OF ARGUMENT** ............................................... **1**

**ARGUMENTS** .................................................................. **1**

   **A. DEP APPLIES A HIGHTENED PLEADING STANDARD**............... **1**

   **B. PLAINTIFF SPOKE AS A CITIZEN** ................................. **3**

   **C. PLAINITFF SPOKE OF MATTERS OF PUBLIC CONCERN** ...... **8**

**CONCLUSION** ................................................................ **12**

# TABLE OF AUTHORITIES

**Cases:**                                                            **Page**

Allen v. New York City Dept. of Environmental Protection,
*51 F.Supp.3d 504 (S.D.N.Y., 2014)* ............................................................ 11

Ashcroft v. Iqbal,
*556 U.S. 662 (U.S., 2009)* .............................................................. 2

Banks v. Wolfe Cnty. Bd. of Educ.,
*330 F.3d 888 (C.A.6 (Ky.),2003)* ................................................... 9

Berlyavsky v. New York City Department of Environmental Protection,
*2016 WL 1383486, at \*1 (E.D.N.Y., 2016)* ................................... 10

Buchanan v. City of New York,
*556 F.Supp.3d 346 (S.D.N.Y., 2021)* ......................................... 3, 7

Conley v. Gibson,
*355 U.S. 41 (U.S. 1957)* ................................................... 1

Connick v. Myers,
*461 U.S. 138 (U.S.,1983)* .................................................. 8

Kaluczky v. City of White Plains,
*57 F.3d 202 (C.A.2 (N.Y.),1995)* .............................................. 2

Leary v. Daeschner,
*228 F.3d 729 (C.A.6 (Ky.),2000)* ................................................. 9

Marino v City of New York,
*No. 102331/05, 958 N.Y.S.2d 646, 30 Misc. 3d 1207(A), 2010 N.Y. Slip Op.
52310(U), 1, 2010 WL 5491127 (Sup Ct, Dec. 21, 2010)* .......................... 11

Matthews v. City of New York,
*779 F.3d 167 (C.A.2 (N.Y.),2015)* ....................................... 3, 4, 6, 8

McGuire v. City of New York,
   *2015 WL 8489962, at \*1 (E.D.N.Y., 2015)* .................................................. 10

Montero v. City of Yonkers,
   *New York, 890 F.3d 386 (C.A.2, 2018)* ...................................................... 3, 7

Moriates v. City of New York,
   *2016 WL 3566656, at \*1 (E.D.N.Y., 2016)* ................................................ 10

New York City Dept. of Environmental Protection v New York City Civil Service
Com'n,
   *No. 144, 78 N.Y.2d 318, 579 N.E.2d 1385, 574 N.Y.S.2d 664, 1991 WL
   175248 (N.Y., Sep. 12, 1991)* ........................................................................ 11

Nwanji v. New York City Dept. of Environmental Protection,
   *1999 WL 395412, at \*1 (S.D.N.Y.,1999)* .................................................. 10

Ross v. Breslin,
   *693 F.3d 300 (C.A.2 (N.Y.),2012)* ................................................................. 7

Scheuer v. Rhodes,
   *416 U.S. 232 (U.S.Ohio 1974)* ................................................................... 1, 2

Semorile v. City of New York,
   *2007 WL 4292027, at \*1 (S.D.N.Y.,2007)* ............................................. 10, 11

Shargani v. New York City Department of Environmental Protetion,
   *2022 WL 1046764, at \*1 (S.D.N.Y., 2022)* ................................................ 10

U.S. v. Space Hunters, Inc.,
   *429 F.3d 416 (C.A.2 (N.Y.),2005)* ................................................................. 1

Valdes v. New York City Dept. of Environmental Protection,
   1997 WL 666279, at \*1 (S.D.N.Y.,1997) ...................................................... 10

**Statutes:**

Fed. R. Civ. P. 12 (b) (6) ................................................................................. 1

## SUMMARY OF ARGUMENT

Defendant herein ("DEP") attempts to downplay the public importance of the DEP Sewage Treatment Facility at issue. The complaints Plaintiff made were regarding regularly intoxicated employees who were, as per the nature of their work, handling dangerous chemicals, responsible for the handling, storage and disposal of sewage and toxic chemical for Defendant. In fact, within the job description of Sewage Treatment Worker is the reference to said workers' responsibility for clean air and water. Defendant's insistence that if the violations Plaintiff complained of effected his working conditions or was reported only within Defendant's chain of command commands dismissal as a matter of law is flawed and contrary to established law. Furthermore, the Equal Employment Opportunity Department is not within the DEP and in fact is a separate agency altogether.

## ARGUMENT

## A. DEP  APPLIES A HIGHTENED PLEADING STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12 (b) (6), the Supreme Court has established that the "allegations of the complaint should be construed favorably to the pleader." *Schreuer v. Rhodes*, 416 U.S. 232, 236 (1974); s*ee  Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);  *see also U.S. v. Space Hunters, Inc.*, 429 F.3d 416, 424 (2d Cir. 2005). When reviewing the sufficiency of a complaint, "[t]he issue is not whether a plaintiff will ultimately prevail but whether

the claimant is entitled to offer evidence to support the claims." *Schreuer*, 416 U.S. at 236. "This cautionary standard applies with greater force where the plaintiff alleges civil rights violations." *Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The issue is not whether a plaintiff will ultimately prevail but whether **the claimant is entitled to offer evidence to support the claims**". *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

In the herein matter, Plaintiff has plead facts that support his claims of First Amendment Retaliation and not just a mere recitation of the pleading requirements. Plaintiff specified each of the policy violations and illegal activities Plaintiff reported to Defendant, NYC EEO and Plaintiff's Supervisors: 1) drug trafficking on Defendant's property ; 2) repeated and continual employee intoxication on the job; 3) multiple instances of fraudulent paperwork regarding dangerous chemicals; 4) theft of Personal Protection Equipment ("PPE") and 5) physical assault by Michael Parente (herein Parente), on Defendant's property, who was employed by Defendant after serving a six years of incarceration for manslaughter.[1] (**JA 20, 38 ¶10, 87,** Ln:

---

[1] (*See* https://nysdoccslookup.doccs.ny.gov/)

2

4-16, **255** ).  Plaintiff also reported the assault to the New York Police Department (NYPD), whom sought to effectuate Parente's arrest at Ward Island Sewage Treatment Facility. Plaintiff specified by name the Supervisors to whom Plaintiff reported the instances of malfeasance and those who took part in the retaliation. Plaintiff also explicitly detailed the retaliation and how it was orchestrated. (**JA 37-40**).

As such Plaintiff plead with enough factual specificity to defeat a motion to dismiss, particularly as no discovery has taken place and Plaintiff has raised issues of fact that merit discovery and the presentation of Plaintiff's evidence.

### B.  PLAINTIFF SPOKE AS A CITIZEN

To determine whether a public employee spoke as a citizen, the Court asks two questions: "(A) did the speech fall outside of the employee's 'official responsibilities,' and (B) does a civilian analogue exist?" *Matthews*, 779 F.3d at 173 (citing *Weintraub*, 593 F.3d at 201). Within this inquiry, "[a]lthough the presence or lack of a civilian analogue may be of some help in determining whether one spoke as a citizen, '[t]he critical question ... is whether the speech at issue is itself **ordinarily** within the scope of an employee's duties.' " *Buchanan v. City of New York*, 556 F.Supp.3d 346, 357 (S.D.N.Y., 2021)(*quoting Montero v. City of Yonkers, New York*, 890 F.3d 386, 397-98 [2d Cir. 2018]).

Defendant's contention that it was part of Plaintiff's **ordinary** duties to report misconduct at DEP worksites is unfounded. *See Matthews v. City of New York*, 779 F.3d 167, 174–75 (C.A.2 (N.Y.),2015(Police Officer's duty to report corruption by other officers not within ordinary duties/job description irrespective of Patrol Guide). Plaintiff was employed as a Sewage Treatment Worker. Defendant's citation to New York Executive Order No. 16 (1978) is teetering on the comical, as is Defendant's argument that in practice all Defendant's employees: 1) are aware or made aware of any such reporting requirement; and 2) that Defendant holds its employees to said reporting standard. In fact, quite the opposite has been evident to any casual observer since the enactment of said Order in 1978. In fact, at DEP, there is a long history of employee's who report any wrongdoing being retaliated against and terminated with false statements by co-worker and supervisors. (*see* **Section C** *Infra*).

Plaintiff's position for his entire seventeen year career with Defendant was as a Sewage Treatment Worker. Defendant's own published job description for a Sewage Treatment Worker, provides the following:

> **WHAT THE JOB INVOLVES:** Sewage Treatment Workers under general supervision, monitor plant operations and perform all necessary watch duties including maintenance of plant equipment. They **operate, maintain and repair machinery, equipment, and structures in wastewater treatment plants, clean water storage and processing facilities, pumping stations, intercepting sewers, sludge treatment and disposal facilities**, and related equipment and facilities; operate, maintain, monitor and repair equipment such as regulators,

4

diversion chambers, tide gates, pumps, sludge collecting treatment and disposal equipment, blowers, compressors, motors, air filters, chlorination equipment, centrifuges, heat exchanger equipment, valves, pipes; exchange water heaters; may assist Oilers to replace the motor in boilers; take samples and **perform tests relating to sewage composition and clean water quality**; **participate in the operation and monitoring of chemical bulk storage tanks**, such as making periodic inspections and tests as required, reporting tank levels, **monitoring leakage warning systems and deployment of spill containment devices**; read meters, gauges and charts and record the readings; keep operating logs and other records; serve as confined space entry attendant, **taking and monitoring gas readings**, and all other necessary tasks as required by legal regulations; clean and maintain structures, equipment and grounds; load sludge vessels and barges; operate vehicles and radio telephones; perform rigging and hoisting; handle grit, screenings, grease, and sludge; **operate burning equipment**; operate and maintain power tools; participate in training for Vactor Truck operations; and drive and operate Vactor trucks. All Sewage Treatment Workers perform related work.

 **Special Working Conditions:** Sewage Treatment Workers will be required to work shifts including nights, Saturdays, Sundays, and holidays. Some of the physical activities performed by Sewage Treatment Workers and environmental conditions experienced are: climbing and descending ladders and stairways; standing for long periods of time; walking to and from repair sites; bending, crouching and kneeling; erecting and working on scaffolds; lifting and carrying heavy equipment; working in confined areas; working outdoors in all kinds of weather; working in areas that have high noise levels and may be damp, dark, dusty, dirty and/or acrid; **operating burning and welding equipment; using a respirator; using equipment for fecal testing**; and operating and maintaining color coded equipment.

(https://www.nyc.gov/assets/dcas/downloads/pdf/noes/201909311000.pdf,  page  2)

(accessed July 10, 2023)(*Emphasis* added). Furthermore, the following certifications are required to perform as a Sewage Treatment Worker, which evidence the potential danger involved with said position:

**Certificate Requirements:** Within three months of appointment you must obtain all of the following Certificates of Fitness issued by the NYC Fire Department. These certificates must be maintained for the duration of employment:

  1. (C92) Storage and Use of Flammable and/or Combustible Liquids
  2. (F60) Fire Guard for Torch Operations and Construction Site
  3. (G22) Use of Liquefied Petroleum Gas or Compressed Natural Gas
  4. (G44) Storage and Handling of Liquefied Petroleum Gas or Compressed Natural Gas
  5. (G46) Storage, Handling, Use and Refilling of Non-Flammable Gas Cylinders
  6. (G60) Torch Use of Flammable Gas
  7. (G98) Handling, Use and Storage of Flammable Compressed Gases
  8. (S94) Handling and Dispensing Flammable or Combustible Liquids

*Id.* at pg. 3. Nothing within the job description remotely relates to reporting criminal activity or malfeasance at the Sewage Treatment Facility as part of Plaintiff's "ordinary" duties. In fact, Defendant has an entire separate and unique police force from the NYPD set up within DEP known as DEP Police that is responsible for environmental crimes, and health and safety issues, within New York City and the five boroughs.

Courts have thus employed a "practical" approach, one focused on a plaintiff's "actual, functional job responsibilities." *Matthews*, 779 F.3d at 173-74 (quoting *Garcetti*, 547 U.S. at 424, 126 S.Ct. 1951). As a result, "[t]he inquiry into whether a public employee is speaking pursuant to her official duties is not susceptible to a brightline rule. Courts must examine the nature of the plaintiff's job responsibilities,

the nature of the speech, and the relationship between the two." ). *Buchanan v. City of New York*, 556 F.Supp.3d 346, 357 (S.D.N.Y., 2021)(quoting *Ross v. Breslin*, 693 F.3d 300, 306 [2d Cir. 2012]).

As such, Plaintiff's speech fell outside his duties as a Sewage Treatment worker.

Plaintiff further contends that Plaintiff's speech reporting the aforementioned drug dealing; continual intoxication of other Sewage Treatment Workers on site; the physical assault by Parente, a convicted criminal with a history of violence[2];  fraud regarding paperwork for the handling of hazardous chemical and theft of PPE meets the requirement for civilian analogue.  As the Second Circuit determined in *Montero v. City of Yonkers*: "We conclude that the district court correctly held that the **existence of a civilian analogue is not dispositive** of whether a public employee spoke as a private citizen, but it is **merely a factor** the court could consider as part of the inquiry into whether the public employee's speech was made pursuant to his ordinary employment-related responsibilities. We nevertheless find that the district court **erred in ruling that** Montero's speech was **not protected because it was t**angentially related to his job responsibilities. **That fact is not dispositive as a**

---

[2] Plaintiff has numerous examples and witnesses to Parente assaulting other employees at DEP, which continued to be ignored by Defendant. If permitted to commence discovery and/or amend the complaint, said information will be provided.

**matter of law.**" *Id.*, 890 F.3d 386, 394 (C.A.2, 2018). Plaintiff re-iterates the arguments in his Appeal Brief and contends that based on *Matthews* and its progeny discussed there in, Plaintiff reporting the aforementioned misconduct to his Supervisors, the EEO and Parente's assault to the NYPD is sufficient to meet the civilian analogue, which as stated above is not dispositive as a matter of law.

Furthermore, if this Court permits Plaintiff to file a Second Amended Complaint and/or move forward with discovery, Plaintiff's now-Counsel will include and provide the evidence to support the fact that Plaintiff filed complaints with OSHA, and outside agency, regarding the violations mentioned herein. Defendant is well aware of the OSHA complaints, as Defendant was required to respond. Plaintiff's Counsel cannot address the former Counsel's failure to include this information in the Amended Complaint, however Plaintiff's Counsel can attest to the fact that Plaintiff has a substantial reading impairment and had shared the information with his former Counsel.

As such, the Court must find that Plaintiff spoke as a citizen and respectfully reverse the district court's determination to the contrary.

## C. PLAINITFF SPOKE OF MATTERS OF PUBLIC CONCERN

A public employee's speech that relates "to any matter of political, social, or other concern to the community [at large]" is properly considered speech on a matter of public concern. *Connick*, 461 U.S. at 146, 103 S.Ct. 1684. Even if some of the

8

complaints raised by Plaintiffs more properly are classified as matters of personal concern, at the very least comments regarding the legality of educational programs, the discipline of students, and the violation of school procedures constitute protected speech because "some portion of the speech touches on a matter of public concern." *Banks*, 330 F.3d at 895 (noting that allegations that the school board violated state law and their own internal policies are matters of public concern); *see also Leary*, 228 F.3d at 737 (noting that student discipline and educational program implementation are "matters of concern to the community at large" and that the legality of proposed school programs is "undoubtedly of the highest public concern"). Here, Plaintiff's speech should receive constitutional protection under the First Amendment because it pertains to issues of community importance. Defendant's argument that the functioning of the Sewage Treatment Facility "maybe a matter that concerns the public at the highest level of generality" is farcical on its face. Defendant's own job description echoes the issues of public concern addressed by the Sewage Treatment Facility, specifically the responsibility for the correct and proper storage, treatment and disposal of sewage, hazardous chemicals and in assurance of clean water and air for the City of New York and the five boroughs. *See* **Section B** *supra*. The fact that DEP has its own police force to handle environmental issues and public complaints supports Plaintiff's position.

Furthermore, Plaintiff adequately plead causation as Plaintiff worked for seventeen years in the same position with Defendant without any disciplinary issues or complaints until Plaintiff commenced making complaint as described herein and in Plaintiff's Appeal Brief. Defendant and DEP has a pattern of retaliation against employees who raise issues in the capacity of whistle blowing from fabrication of evidence and false testimony to present at disciplinary hearings to rewarding employees for false testimony against whistleblowers. *See McGuire v. City of New York*, 2015 WL 8489962, at *2 (E.D.N.Y., 2015)(retaliation included: transfer; lost overtime; less desirable assignments; lose weekend shifts; denied vacation requests;; and was subjected to verbal abuse); *Valdes v. New York City Dept. of Environmental Protection*, 1997 WL 666279, at *4 (S.D.N.Y.,1997)(Plaintiff's job threatened several times by supervisor when Plaintiff informed Supervisor he was filing an EEOC complaint); *Moriates v. City of New York*, 2016 WL 3566656, at *5 (E.D.N.Y., 2016)( Employee charged with violating hazardous materials regulations based on perjured testimony of colleagues) *Berlyavsky v. New York City Department of Environmental Protection*, 2016 WL 1383486, at *2 (E.D.N.Y., 2016)(Plaintiff alleged "continuous and growing practice of discrimination ... that encourages and compensates DEP managers with overtime to retaliate against subordinate

employee-whistleblowers who report violations of environmental health and safety laws")[3].

As such, Plaintiff's speech was a matter of public concern and Plaintiff plead sufficient facts to satisfy causation.

---

[3] *See also Nwanji v. New York City Dept. of Environmental Protection*, 1999 WL 395412, at *2 (S.D.N.Y.,1999); *Shargani v. New York City Department of Environmental Protection*, 2022 WL 1046764, at *1 (S.D.N.Y., 2022); *Semorile v. City of New York*, 2007 WL 4292027, at *1 (S.D.N.Y.,2007);
*Matter of New York City Dept. of Environmental Protection v New York City Civil Service Com'n,* No. 144, 78 N.Y.2d 318, 320–21, 579 N.E.2d 1385, 1386, 574 N.Y.S.2d 664, 665, 1991 WL 175248 (N.Y., Sep. 12, 1991); *Allen v. New York City Dept. of Environmental Protection*, 51 F.Supp.3d 504, 507–08 (S.D.N.Y., 2014); *See also  Marino v City of New York*,  2010 WL 5491127, at *2-3 (Sup Ct, Dec. 21, 2010)(Director Deputy never disciplined by his supervisors for using a DEP vehicle to block a tow truck and then engage in a car chase resulting in motor vehicle accident and injury to civilian passenger, which was the result of a personal argument).

## CONCLUSION

Plaintiff had established that the district court errerd in the dismissal of Plaintiff's First Amendment Retaliation claim.  Plaintiff respectfully requests that the Court reverse the district court's finding and remand for further proceedings.

Dated: July 10, 2023

*/s/* Geoffrey T. Mott, Esq.
GEOFFREY T. MOTT, ESQ.
CATHRYN HARRIS-MARCHESI, ESQ.
LAW OFFICES OF GEOFFREY T. MOTT, P.C.
*Attorneys for Plaintiff-Appellant*
7600 Jericho Turnpike, Suite 105
Woodbury, New York 11797
(516) 544-4600

<u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Second Circuit Local Rule 32.1(a)(4)/Federal Rule of Appellate Procedure 32(a)(7) because this brief contains 2,612 words and contains 248 lines of text, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a:

Proportionally spaced typeface using Microsoft Word Version 16.74 in 14 point Times New Roman font.

Dated: July 10, 2023

*/s/* Geoffrey T. Mott, Esq.
GEOFFREY T. MOTT, ESQ.
CATHRYN HARRIS-MARCHESI, ESQ.
LAW OFFICES OF GEOFFREY T. MOTT, P.C.
*Attorneys for Plaintiff-Appellant*
7600 Jericho Turnpike, Suite 105
Woodbury, New York 11797
 (516) 544-4600

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

TERRENCE REYNOLDS

Docket Number: 23-76

*Plaintiff-Appellant*

**CERTIFICATE OF SERVICE**

v.

CITY OF NEW YORK

*Defendant-Appellee*

I, Geoffrey T. Mott, Esq., hereby certify under penalty of perjury that on July 10, 2023, I served a copy of Appellant's Reply Brief by email on:

KEVIN OSOWSKI, ESQ., at KOSOWSKI@LAW.NYC.GOV
JAMISON DAVIS, ESQ., at JDAVIES@LAW.NYC.GOV
RICHARD P. DEARING, ESQ., at RDEARING@LAW.NYC.GOV

Dated: July 10, 2023

*/s/* Geoffrey T. Mott, Esq._____

GEOFFREY T. MOTT, ESQ.

CATHRYN HARRIS-MARCHESI, ESQ.

LAW OFFICES OF GEOFFREY T. MOTT, P.C.

*Attorneys for Plaintiff-Appellant*

7600 Jericho Turnpike, Suite 105

Woodbury, New York 11797

 (516) 544-4600